UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN SCHNEIDER,

    Plaintiff,

    v.                                                       Case No. 13-C-1357

KOLNIK TRUCKING, INC.,
JUNE KOLNIK and DAVID KOLNIK,

    Defendants.

**ORDER GRANTING PLAINTIFF'S PETITION FOR
ATTORNEYS' FEES AND COSTS**

On February 27, 2014, the plaintiff, John Schneider ("Schneider") filed a "Notice of Acceptance of Defendants' Fed. R. Civ. P. 68 Offer of Judgment." (ECF No. 13.) Pursuant to that notice, the court entered judgment in Schneider's favor in the amount of $8,250.00, plus an award of reasonable attorney fees and costs in an amount to be determined pursuant to the Fair Labor Standards Act ("FLSA"). (ECF No. 14.) The parties have fully briefed the issue of attorney fees and costs, and Schneider's petition is now ready for resolution.

Title 29 U.S.C. § 216(b) provides, in pertinent part, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Thus, the plaintiff in this action is entitled to be awarded reasonable attorneys' fees. In support of their respective fee applications, Attorneys Larry Johnson and Timothy Maynard (attorneys for Schneider) have submitted their billing records for work performed on the case, as well as declarations from

other lawyers in the community attesting to the reasonableness of their respective hourly rates.

To determine fees under the FLSA, a court will generally follow the "lodestar" approach, multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The court may then adjust that figure to reflect various factors, including the complexity of the case, the plaintiff's degree of success, and the public interest advanced by the litigation. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009) (citing *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997)). Although the methodology is inexact, the court cannot arbitrarily award fees based upon a gut reaction; the court must provide a clear and concise explanation for its award. *Id.* at 857 (citing *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001); *In re Cont'll Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992)).

The plaintiff seeks attorneys' fees in the amount of $25,960.00 and $1,042.35 in costs. The defendants do not contest the costs incurred in this case, and therefore costs in the amount of $1,042.35 will be awarded to Schneider. Schneider states that the hourly rates currently billed to clients are $300.00 for Attorney Larry A. Johnson ("Johnson") and $200.00 an hour for Attorney Timothy P. Maynard ("Maynard"). The defendants do not contest the reasonableness of the hourly rates charged by counsel. Rather, the defendants object to the requested amount of attorneys' fees, arguing that the number of hours that Attorneys Johnson and Maynard expended in litigating this case are excessive and unreasonable. To

that end, the defendants contend that Schneider's fee award should be reduced to $10,800.00. This amount comprises compensation for twelve hours of initial investigation and filing of the action, twelve hours for preparing for and conducting the deposition of David Kolnik, and twelve hours for various other legal tasks, including settlement negotiations, for a total of thirty-six hours at $300 an hour.

**A. Reasonableness of Hours Expended**

First, the defendants argue that Schneider's claim "includes a number of hours which were excessive and unnecessary." (Defs.' Br. 2.) According to the defendants, 53 hours spent in prosecuting Schneider's underlying overtime wage claims was too much. However, the defendants do not object to any particular entry as excessive, redundant, or unnecessary. Instead, the defendants argue that the fees should be reduced (1) because much of the time spent on the case involved negotiating over the sum due to Schneider's counsel, not the sum due to Schneider; and (2) the work involved in getting this case to resolution was minimal.

With respect to the parties' negotiations, it is problematic that the defendants do not point this court's attention to any specific entry in the "Verified Statement of Attorneys' Fees" that the attorneys should not be compensated for. The issue of attorneys' fees is a negotiable issue, and the court would expect that some negotiation time was devoted to this issue. From looking at the statement of fees, it is impossible to differentiate the negotiation time spent on the sum due Schneider from the sum due counsel. And, it is not appropriate for a court to "eyeball" a fee request and cut it down by an arbitrary percentage because it seemed excessive. *See Schlacher*, 574 F.3d at 857; *Spellan v. Bd. of Educ.*, 59 F.3d 642, 646-47

3

(7th Cir. 1995) (citing *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir. 1986)). Moreover, the time spent in negotiations does not appear to be excessive to the court.

The defendants also maintain that the work involved in this case was minimal, which does not justify the fee award requested. Specifically, the defendants argue as follows:

> [T]his action involved the preparation of the Summons and Complaint, the preparation of a joint Rule 26 report and attendance at a very brief scheduling conference, and attendance at one (1) deposition. . . . There were no motions filed or heard, other than this pending motion for an award of attorney fees and costs.

(Defs.' Br. 3.) Further, the defendants agreed that Schneider was not paid overtime wages during his employment and calculating the hours he worked as a "spotter" for approximately a year and a half was "largely a rote exercise requiring the calculation of Schneider's work weeks from his payroll records." (Defs.' Br. 3.)

First, Schneider indicates that the defendants disputed the hours that Schneider worked. Thus, determining what was owed to Schneider involved more than a simple math calculation, and he had to prepare the case accordingly. Moreover, affirmative defenses were at play, thereby increasing the workload of Schneider's counsel. Although only one deposition was conducted, the court does not agree that arbitrarily reducing compensation for only twelve hours of time spent preparing for and conducting the deposition is appropriate. The court is not persuaded that the amount of hours expended preparing and conducting the deposition was above and beyond what would be expected of trial counsel. Finally, that there were no motions filed with the court is of no real significance because an attorneys' litigation work goes far beyond what is filed with a court.

4

**B. Proportionality**

The defendants argue that the fees requested are not proportional to the amount of damages awarded to Schneider. According to the defendants, an award roughly equivalent to the maximum award that Schneider might have pursued, i.e., $10,800.00, is reasonable. A factor that courts consider in deciding whether to adjust the lodestar amount is the proportionality of the lodestar to the damages recovered. *Spegon v. Catholic Bishop of Chic.*, 175 F.3d 544, 558 (7th Cir. 1999). However, the Seventh Circuit has "'rejected the notion that the fees must be calculated proportionally to damages.'" *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (quoting *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)). "To hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972). And, "'[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys fee requests will exceed the amount of the judgment in the case.'" *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003 (collecting cases)). Thus, simply because the attorneys' fees exceed Schneider's damage award does not mean that the court must necessarily reduce the amount to be awarded. To the contrary, arbitrarily adjusting the figure downward would work against the very reason Congress enacted § 216.

**C. Substantial Settlement**

On February 13, 2014, the defendants made a Rule 68 settlement offer of $11,000.00 in monetary and liquidated damages as well as $4,000.00 in attorney fees. (ECF No. 31-5.) In determining an award of reasonable attorney's fees, a court should consider substantial

settlement offers. *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) (citing *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1337 (4th Cir. 1996)).

> Determining whether an offer is substantial is left in the first instance to the discretion of the district court. Nevertheless, an offer is substantial if . . . the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party. In such circumstances, a district court should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer.
>
> The district court must only consider the substantial settlement offer; it need not reduce the lodestar calculation because of the offer. We stress that a substantial offer is only one of the factors that a district court should evaluate in making an attorney's fee award, and (absent an offer complying with Rule 68 where that Rule applies) is not necessarily determinative. The district court may evaluate the settlement offer and decide that under the circumstances of a particular case an unadjusted lodestar method still provides a reasonable attorney's fee.

*Id.*

On February 18, 2014, judgment was entered in favor of Schneider in the amount of $8,250.00. This amount is $2,750.00 less than the February 13, 2014 offer. As of February 13, 2014, attorneys' fees totaled $14,000.00. In the February 13th offer, the defendants offered only $4,000 in attorneys' fees, which was substantially less than what Attorneys Johnson and Maynard had expended on the case up to that point. Thus, it was not unreasonable for the plaintiff to have rejected the February 13th offer. It appears that the defendants attempted to "divide and conquer," preventing the allowance of a reasonable fee in a case where a FLSA plaintiff prevails. This circumvents the purpose of § 216, in which Congress provided for an incentive for attorneys to take cases like this. *See Anderson*, 578 F.3d at 545 ("Fee-shifting provisions signal Congress' intent that violations of particular laws be punished, and not just large violations that would already be checked through the

incentives of the American Rule.") Were the court to reduce the lodestar calculation based on the offer in this case, it would be inviting parties to include substantially low attorney fee offers in Rule 68 settlement offers in the hopes of a court reducing compensation for hours expended after a settlement offer has been made. For these reasons, the court will not reduce the lodestar amount in this case.

It is easy for the defendants to generally state that the attorneys' fees requested are unreasonable. However, it is problematic that they did not object to specific entries in the "Verified Statement of Attorneys' Fees," thereby expecting the court to do just that or to arbitrarily reduce the fees. This court will not undertake either proposition.

**NOW THEREFORE IT IS ORDERED** that Schneider's petition for attorneys' fees and costs is **GRANTED** in the total amount of $25,960.00 in fees and $1,042.35 in costs.

**SO ORDERED** this 4th day of June 2014 at Milwaukee, Wisconsin.

                                                **BY THE COURT:**

                                                s/ William E. Callahan, Jr.
                                                WILLIAM E. CALLAHAN, JR.
                                                United States Magistrate Judge